IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Maurice Wilcox, <br>     Petitioner, | ) <br> ) <br> ) | |
| v. | ) | 1:13cv1589 (GBL/IDD) |
| Warden of the Nottoway Corr. Ctr., <br>     Respondent. | ) <br> ) <br> ) <br> ) | |

MEMORANDUM OPINION

This Matter comes before the Court upon review of the respondent's Motion to Dismiss. Maurice Wilcox, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court for the City of Virginia Beach, Virginia of three counts of robbery. The petition was initially filed on December 16, 2013. On April 21, 2014, respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply on May 20, 2014. For the reasons that follow, petitioner's claims must be dismissed.

I. Background

On June 9, 2010, a jury convicted petitioner of three counts of robbery in the Circuit Court for the City of Virginia Beach, arising out of a September 2008 robbery of a Wachovia Bank. Commonwealth v. Wilcox, Case No. CR08-4976, CR09-1851. The court sentenced him to 21 years' incarceration. Petitioner pursued a direct appeal to the Court of Appeals of Virginia, alleging that the trial court erred in denying his motion to suppress the search of his car, and that the evidence was insufficient to sustain his conviction. On February 16, 2011, the Court of

Appeals denied the petition for appeal and affirmed his convictions. Wilcox v. Commonwealth, R. No. 1278-10-1 (Va. Ct. App. 2011) (per curiam). On August 25, 2011, the Supreme Court of Virginia refused petitioner's petition for appeal. Wilcox v. Commonwealth, R. No. 110512 (Va. 2011).

Petitioner then filed a petition for writ of habeas corpus in the Supreme Court of Virginia, alleging that (1) counsel was ineffective for failing to object to and move for a mistrial based on the judge's questioning of the jury regarding the presentation of inadmissible evidence, the jury's questioning of the judge regarding the inadmissible evidence, the fact that the jurors were given extraneous inadmissible evidence, and the fact that both the Commonwealth's Attorney and the judge entered the jury room during deliberations; (2) counsel was ineffective for failing to object to the Commonwealth Attorney's unapproved contact with the jury, and that counsel failed to properly investigate the effect of extraneous influences on the jury; (3) counsel was ineffective for failing to object to prosecutorial misconduct at trial; (4) appellate counsel was ineffective for failing to investigate petitioner's claims of ex parte communication between the trial judge and a juror, for failing to investigate the existence of extraneous evidence, and for failure to raise all petitioner's preferred arguments; and (5) trial counsel was ineffective for failing to investigate the serial number of the money found during a post-arrest search of petitioner's car. The court dismissed the petition on June 7, 2013, and denied petitioner's petition for rehearing on September 20, 2013. Wilcox v. Warden of the Nottoway Corr. Ctr., R. No. 121309.

On December 16, 2013, petitioner filed the instant federal habeas petition,[1] asserting that (1) counsel was ineffective for failing to object to or move for a mistrial when the jury was given

---

[1] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Houston v. Lack, 487 U.S. 266 (1988). Petitioner states that he placed his petition in the prison mail system on December 16, 2013. See Pet. [Dkt. 3], at unnumbered page 15. The court received his petition on December 27, 2013.

2

inadmissible extraneous evidence; (2) counsel was ineffective for failing to object to improper contact between the Commonwealth's Attorney and the jury; (3) counsel was ineffective for failing to object to the Commonwealth Attorney's improper trial tactics and improper comments on the petitioner's decision to remain silent after arrest; (4) appellate counsel was ineffective for failing to raise all issues of trial court error on appeal; (5) trial counsel was ineffective for failing to investigate the serial number of the money found in petitioner's car; and (6) the trial court erroneously denied petitioner's motion to suppress evidence received from his car and petitioner's motion to strike the Commonwealth's evidence.

On April 21, 2014, respondent filed a Motion to Dismiss petitioner's claims. Petitioner filed a response on May 20, 2014. Based on the pleadings and record before this Court, it is uncontested that petitioner exhausted all of his claims as required under 28 U.S.C. § 2254. However, this Court is barred from considering a portion of petitioner's second and third claim, a portion of petitioner's fourth claim, and a portion of petitioner's sixth claim.

## II. Procedural Issues

### A. Claims Two and Three

In a portion of Claim Two, petitioner states that "the trial court erred by failing to adequately investigate whether the jurors were exposed to 'extraneous influences.'" Pet., at 7. Reviewing this claim during petitioner's state habeas proceedings, the Supreme Court of Virginia held that this claim was procedurally defaulted under the rule of Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), cert. denied, 419 U.S. 1108 (1975) (holding that a claim is procedurally defaulted if the petitioner could have raised it on direct appeal but did not). See Wilcox v. Warden of the Nottoway Corr. Ctr., slip op., at 3. A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238,

3

1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met, Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). As the Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision," Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997), and as petitioner has not established cause and prejudice for the default, the Supreme Court of Virginia's finding of procedural default is presumed to be correct. Accordingly, this Court cannot consider this portion of Claim Two.

Similarly, in a portion of Claim Three, petitioner states that "his entire trial was 'infected' by prosecutorial misconduct, including expressions of prosecutor's opinions on petitioner's guilt and credibility." Pet., at 9. The Supreme Court of Virginia found that this claim was also procedurally defaulted pursuant to Slayton. See Wilcox v. Warden of the Nottoway Corr. Ctr., slip op., at 6. As petitioner has not alleged cause and prejudice for this default, this Court is barred from considering this portion of Claim Three.

In another portion of Claim Three, petitioner states that counsel was ineffective for "failing to seek[] out a more credible witness" during the presentation of his alibi defense. See Pet., at 9#2. This argument was not presented in petitioner's state habeas petition or his direct appeal, and so has not been properly exhausted. However, were petitioner to attempt to exhaust this claim in state court, he would be procedurally barred from bringing it. Accordingly, this claim is both unexhausted and procedurally barred, and this Court cannot consider its merits. See Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990) (holding that claims that are both

unexhausted and procedurally defaulted cannot be considered on their merits in a federal habeas petition).

B. Claim Four

Petitioner's fourth claim raises ineffective assistance of appellate counsel. Specifically, he states that appellate counsel was ineffective for failing to argue that the trial court improperly communicated with the jury, that the prosecutor improperly communicated with the jury, and that the trial court failed to object to both of these situations. See Pet., at 11-11#3. In his state habeas petition, however, petitioner argued that appellate counsel was ineffective for (1) failing to argue that the trial court improperly communicated with the jury; (2) failing to argue that the prosecutor improperly communicated with the jury; and (3) failing to argue that the trial court improperly ordered a joint trial. See Wilcox v. Warden of Nottoway Corr. Ctr., slip op., at 7. Accordingly, petitioner's claim that appellate counsel was ineffective for failing to argue that trial counsel should have objected to the alleged trial court and prosecutorial errors is unexhausted. Were petitioner to attempt to exhaust this claim in state court, however, he would be procedurally barred from doing so. Accordingly, this claim is both unexhausted and procedurally barred, and cannot be considered on its merits. See Bassette, 915 F.2d at 937.

C. Claim Six

In Claim Six, petitioner alleges that the trial court erred in denying his motion to suppress evidence recovered from his car and erred in denying his motion to strike the Commonwealth's evidence. Petitioner puts forward two reasons for his argument. First, he states that, as a matter of law, the evidence was insufficient to prove that he committed the crimes for which he was charged, and so the trial court should have set aside the verdict. See Continuation of Pet. [Dkt. 3], at unnumbered page 8. Second, he argues that the search of his car violated the Fourth

Amendment, so that any evidence seized from this search should have been suppressed. Id. Petitioner raised both of these issues in his direct appeal, and the Court of Appeals of Virginia addressed both on the merits. See Wilcox v. Commonwealth, slip op., at 1-7.

However, this Court is barred from considering petitioner's Fourth Amendment claim by Stone v. Powell, 428 U.S. 465 (1976). Under Stone, a petitioner may not raise a Fourth Amendment claim in a federal petition for a writ of habeas corpus unless he can show that he was denied the opportunity to fully and fairly litigate this claim in in state court. Id. at 494. Petitioner litigated his Fourth Amendment claims in a suppression hearing before the Circuit Court for the City of Virginia Beach. The trial court denied petitioner's motion to suppress the evidence seized from his car, and held that the search of his car was valid under the Fourth Amendment. See Trial Transcript ("Tr. Tran.") (May 26, 2009), Commonwealth v. Wilcox, Case No. CR08-4976, CR 09-1851, at 86-88. The Court of Appeals upheld the trial court's decision. See Wilcox v. Commonwealth, slip op., at 4. As petitioner has not alleged that the suppression hearing itself violated his constitutional rights, petitioner's Fourth Amendment claim must be dismissed. The remaining portion of Claim Six, alleging insufficient evidence, will be considered on the merits.

Because Claim One, the remaining portions of Claims Two and Three, the remaining portions of Claim Four, Claim Five, and the remaining portion of Claim Six have been exhausted as required under 28 U.S.C. § 2254 and are not procedurally defaulted, they will be reviewed on the merits.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's

adjudications were contrary to, or an unreasonable application of, clearly established federal law, or were based on an unreasonable determination of the facts presented at the trial. 28 U.S.C. § 2254(d)(1)-(2). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. When reviewing the state court's findings, the federal court is limited to the record before the state court at the time of the decision. See Cullen v. Pinholster, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one, and does not allow a federal court to review simply for plain error. Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003). In addition, a federal court should review the state court determinations with deference; the court cannot grant the writ simply because it concludes that the state court incorrectly determined the legal standard. See Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (internal citations omitted). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

## IV. Analysis

### A. Ineffective Assistance of Counsel

The majority of petitioner's claims allege ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, petitioner must meet the two-pronged test established in Strickland v. Washington, 455 U.S. 668 (1984). Under this test, petitioner must prove both that his attorney's performance was so deficient "that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that this performance prejudiced the outcome of petitioner's trial. Strickland, 466 U.S. at 687. To meet the second prong, petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A federal habeas court reviewing a claim of ineffective assistance of counsel must presume that counsel acted competently, and should determine the merits of the claim based on the information available to the attorney at the time of the trial. See, e.g., Bell v. Cone, 535 U.S. 685, 695 (2002); Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). In addition, as deficient performance and prejudice constitute "separate and distinct elements," Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994), a court can appropriately dismiss an ineffective assistance of counsel claim on either prong. Strickland, 466 U.S. at 697.

### B. Claim One

Petitioner's first claim is that counsel was ineffective for failing to object, to move for a mistrial, or to request a curative instruction when the jury was given inadmissible evidence, when the trial judge entered the jury room and questioned a juror regarding the evidence without petitioner or counsel present, and when the jury questioned the judge regarding the evidence. Pet., at 6. This argument stems from an incident that occurred as the jury began its deliberations

in petitioner's trial. Before beginning deliberations, the jury asked the trial judge whether it could view a videotape of the bank robbery for which petitioner was charged. Petitioner's counsel and the Commonwealth's Attorney began to set up the videotape in the jury room, and noticed that the tape also contained a video of another robbery committed by petitioner, which had never been admitted into evidence. After discussion between the judge and both parties, the jury was given a Powerpoint of the prosecutor's closing argument. See Tr. Tran. (Jan. 21, 201), at 392-97. The judge informed both parties that she would "stand in the doorway and tell them [about viewing the Powerpoint]." Neither party objected to this decision. Id. at 396. The record reflects that defense counsel made a motion to set aside the verdict based on this incident, at petitioner's request, when the parties reconvened for sentencing. See Tr. Tran. (June 7, 2010), at 12-16.

The Supreme Court of Virginia rejected petitioner's claim of ineffective assistance on the merits. Specifically, the court found that petitioner had not met either prong of the Strickland test. Wilcox v. Warden of Nottoway Corr. Ctr., slip op., at 1-2. The court held that:

> [After setting up a laptop computer in the jury room,] [d]efense counsel then realized the computer contained a video clip that had not been submitted as evidence and defense counsel, the prosecutor, and the trial judge remedied the situation before the jury had a chance to view the offending material. The record further demonstrates that the trial court did not question a juror regarding the video clip outside the presence of defense counsel and that the only discussion between the trial court and the jury during deliberations was regarding the technical aspects of how the jury would view the admitted evidence, which was done with counsel present. Further, the record, including the sentencing transcript, shows counsel did ask for a mistrial based on the inadvertent inclusion of the video clip on the computer, which motion the trial court denied.

Wilcox v. Warden of the Nottoway Corr. Ctr., slip op., at 2. As petitioner has not provided clear and convincing evidence that the Supreme Court of Virginia's factual findings were erroneous, see Miller-El, 545 U.S. at 240, and as the record reflects these factual findings, this Court accepts

the accuracy of the Supreme Court of Virginia's finding of facts. Based on these facts, there is nothing to indicate that counsel's performance was deficient, or that, had counsel acted differently, the result of petitioner's trial would have been different. Accordingly, the Supreme Court of Virginia's conclusion is not contrary to, or an unreasonable application of, clearly established federal law. Claim One must therefore be dismissed.

C. Claim Two

In that portion of Claim Two that has not been procedurally defaulted, petitioner alleges that counsel was ineffective for failing to object to the prosecutor's improper contact with the jury to retrieve the inadmissible evidence, and for failing to poll the jury on the prejudicial nature of the prosecutor's actions. See Pet., at 7. Petitioner's claim arises out of the fact that, once the parties realized that the laptop sent back to the jurors contained inadmissible evidence, the Commonwealth's Attorney entered the jury room to give the jurors a Powerpoint presentation in lieu of the inadmissible evidence. See Tr. Tran. (Jan. 21, 2010), at 397. Petitioner contends that the jury had time to view the inadmissible evidence, and that this contact between the Commonwealth's Attorney and the jury was improper jury tampering. He states that counsel was ineffective for failing to object or to poll the jury on the effect of this contact. See Pet., at 6#1, 7-7#2.

The Supreme Court of Virginia rejected petitioner's claim of ineffective assistance. Specifically, the court found that petitioner could not meet either prong of the Strickland test, as "the record . . . demonstrate[d] that the prosecutor was present in the jury room with the consent of the trial court and defense counsel and that the jury did not have time to view the video clip before it was removed." Wilcox v. Warden of Nottoway Corr. Ctr., slip op., at 3-4.[2] This

---

[2] Although petitioner states that the jury had access to the inadmissible evidence for thirty-two minutes, see Pet., at 6#1, the record does not reflect this contention. Accordingly, petitioner has

decision is not contrary to or an unreasonable interpretation of clearly established federal law. Counsel's performance is presumed to be competent, Bell, 535 U.S. at 695. Here, the record reflects that defense counsel, the trial judge, and the prosecutor all agreed on a course of action to remedy the fact that the jury possessed potentially inadmissible evidence. Thus, counsel had no reason to object to the Commonwealth's Attorney entering the jury room to implement the plan. See Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005) (citing Murray v. Maggio, 736 F.2d 279, 283 (5th Cir. 1984)) (holding that a petitioner could not demonstrate that counsel's performance was unreasonable for failing to request a continuance absent evidence that any reasonable counsel would have requested a continuance). Counsel also had no reason to poll the jury on any prejudice resulting from the Commonwealth Attorney's actions. Accordingly, the remaining portion of Claim Two must be dismissed.

D. Claim Three

In that portion of Claim Three that has not been procedurally defaulted, petitioner states that counsel was ineffective for failing to object to the "'use of staged material argument that was improper conduct by the prosecutor,'" for failing to object to the prosecutor's use of a cartoon of an elephant during closing argument, and for failing to object to the prosecutor's reference to the "straw that broke the camel's back." Pet., at 9- 9#4. Petitioner also asserts that counsel was ineffective for failing to object to the Commonwealth Attorney's comments on petitioner's post-arrest silence during cross-examination. Id. at 9 #2.

The prosecution opened its closing argument in petitioner's case with the question "[w]hich straw broke the camel's back for you? Was it the hat? The gloves, the pants, the white shoes that he was wearing. . . ? Too many things. Any of these things and – could have been the

---

failed to provide clear and convincing evidence that the Supreme Court of Virginia's factual findings were erroneous. See Miller-El, 545 U.S. at 240.

straw that broke the camel's back for you." Tr. Tran. (Jan. 21, 2010), at 353-54. The Commonwealth's Attorney also presented a Powerpoint in which various individuals saw various parts of an elephant. By the time every individual story was placed together, it was clear that the screen showed an elephant. The prosecutor then urged the jury to think of the petitioner's case in the same manner, with all the circumstantial pieces of evidence combining to find petitioner guilty. Id. at 387-88. Petitioner states that counsel was ineffective for failing to object to these "dehumanizing" tactics. See, e.g., Pet., at 9#3.

The Supreme Court of Virginia rejected this argument on the merits, finding that petitioner did not meet either prong of the Strickland test. Specifically, the court found that, in regards to petitioner's argument about the use of "staged material argument," petitioner failed "to proffer the 'staged material argument' he contends was made by the prosecutor or identify the 'improper conduct' he contends was introduced by the prosecutor." Wilcox v. Warden of the Nottoway Corr. Ctr., slip op., at 5. Accordingly, the court found that petitioner had failed to prove either that counsel's performance was deficient or that, but for counsel's alleged errors, the result of the proceeding would have been different. As petitioner has not provided any evidence as to what the basis for an objection would have been, this decision is not contrary to, or an unreasonable application of, clearly established federal law. In regards to the "straw that broke the camel's back" argument, the Supreme Court of Virginia held that the phrase "is a well-known idiom referring to a small burden which, when added to many others, causes collapse or failure." Id. at 4 (citing Parsons v. Commonwealth, 154 Va. 832, 843, 152 S.E. 547, 551 (1930)). The court found that "counsel could reasonably have determined that the prosecutor was not suggesting petitioner was a camel and that any objection to the statement would have been frivolous." Id. As counsel is not required to make futile objections, see Moody, 408 F.3d

at 151, the Supreme Court of Virginia's decision was not contrary to, or an unreasonable application of, clearly established law. Lastly, in regard to the use of the elephant cartoon, the court found that "the record, including the trial transcript, demonstrates that the prosecutor did not improperly comment on petitioner's credibility. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Wilcox v. Warden of the Nottoway Corr. Ctr., slip op., at 7. This decision was not contrary to or an unreasonable application of clearly established federal law, as the prosecution's closing argument was within the wide range of discretion given to counsel during closing argument. See, e.g., Oken v. Corcoran, 220 F.3d 259, 269-70 (4th Cir. 2000). Accordingly, defense counsel was not required to make a futile objection to this tactic.

In another portion of Claim Three, petitioner states that counsel was ineffective for failing to object to the Commonwealth Attorney's statement, on cross-examination of the petitioner, that the trial was the first time that anyone had heard petitioner's alibi. See, e.g., Tr. Trans. (Jan. 21, 2010), at 341-42. Petitioner states that, because he had invoked his rights pursuant to Miranda v. Arizona, 484 U.S. 436 (1966), after he was arrested, the prosecutor's tactic violated his right to remain silent, and that counsel should have objected to its use.

The Supreme Court of Virginia rejected this claim of ineffective assistance. Specifically, the court found that petitioner could not show prejudice from counsel's failure to object to the Commonwealth Attorney's questioning. The court found:

> [T]he evidence against petitioner, which included the eyewitness identification of petitioner as the robber by one of the bank tellers, his possession of the car identified as having been used in the robberies, and his possession of clothes and money stained with red dye after a dye pack that had been placed in the money by one of the tellers exploded, was overwhelming. Petitioner presented an alibi defense in which he claimed he was at work at the time of the robbery and had

13

> unwittingly rented his car, with his work clothes inside, to the robber for $100. Petitioner claimed the robber must have used petitioner's work clothes, causing them to be stained with the red dye. Under the circumstances, petitioner cannot show there is a reasonable probability that, but for counsel's alleged error, the jury would have rejected the Commonwealth's evidence and accepted petitioner's alibi defense and that the result of the proceeding would have been different.

Wilcox v. Warden of the Nottoway Corr. Ctr., slip op., at 5-6. When analyzing whether an attorney's alleged errors prejudiced the petitioner, the court must "consider the totality of the evidence before the judge or jury," and determine whether, considering the totality of the evidence, the petitioner can show that the result of his trial would reasonably have been likely to be different absent the errors. Strickland, 466 U.S. at 695. Considering the weight of the evidence before the jury, the Supreme Court of Virginia's decision was not contrary to, or an unreasonable application of, clearly established federal law. Accordingly, the remaining portions of Claim Three must be dismissed.

E. Claim Four

In that portion of Claim Four that has not been procedurally defaulted, petitioner argues that appellate counsel was ineffective for failing to argue "abuse of jurisdictional authority" by the trial court. Pet., at 11. Specifically, petitioner states that appellate counsel was ineffective for failing to argue that the trial court improperly communicated with the jury and that the prosecutor communicated with the jury. See Pet., at 11-11#3.

The Supreme Court of Virginia rejected petitioner's claim on the merits. The court held that, "because the selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal," petitioner had not met his burden of proving either prong of the Strickland standard.[3] Wilcox v. Warden of the Nottoway Corr. Ctr., slip op., at 7 (citing Jones v. Barnes, 463 U.S. 745, 751-52 (1983)). The Supreme

---

[3] The Strickland test also applies to claims of ineffective assistance of appellate counsel. See, e.g., Smith v. Murray, 477 U.S. 527, 535-36 (1986).

14

Court of Virginia's holding is not contrary to or an unreasonable application of clearly established federal law. The United States Supreme Court, in <u>Jones</u>, held that criminal defendants do not have a constitutional right "to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as matter of professional judgment, decides not to present those points." <u>Jones</u>, 463 U.S. at 751. Because the Supreme Court of Virginia's accurately decision reflects this statement of federal law, Claim Four must be dismissed.

F. <u>Claim Five</u>

Petitioner next claims that his trial counsel was ineffective for failing to investigate the serial numbers of the currency found in his car after his arrest, in order to determine whether the serial numbers matched the money stolen from the bank in the robbery. <u>See</u> Continuation of Pet. at unnumbered page 4. Petitioner states that, had counsel investigated the currency, the investigation "would have shown that the money at the center, and heart of the prosecution's case was in fact not the same money taken from the drawers of the three tellers at the Wachovia Bank on September 22, 2008." <u>Id.</u> at unnumbered page 5. Petitioner also states that counsel was ineffective for failing to ask the Regional Security Coordinator for Wachovia Bank about the serial numbers, as she could have identified whether the serial numbers of the money recovered from his car matched the serial numbers of the tellers' drawers. <u>Id.</u>

The Supreme Court of Virginia rejected petitioner's claim of ineffective assistance, finding that he could not prove either prong of the <u>Strickland</u> test. Specifically, the court found that "petitioner [has failed] to proffer any evidence that the bank recorded the serial numbers of the stolen currency." <u>Wilcox v. Warden of the Nottoway Corr. Ctr.</u>, slip op., at 7. Thus, the court found that petitioner had not shown either that counsel's failure to investigate was deficient, or that, had counsel investigated the serial numbers, the result of the trial would have

been different. Although "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary[,] . . . a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 691. Petitioner has provided no proof that counsel's investigation, had it been completed, would have affected the result of his trial. Similarly, he has provided no evidence that, had the Regional Manager of Wachovia Bank been questioned on the serial numbers, the result of his trial would have been different. Accordingly, the Supreme Court of Virginia's decision was not contrary to, or an unreasonable application of, clearly established federal law. Claim Five must therefore be dismissed.

G. Claim Six

In the portion of Claim 6 that has not been procedurally defaulted, petitioner alleges that the Commonwealth's evidence was insufficient as a matter of law to support his robbery convictions. He focuses specifically on the fact that the Commonwealth's evidence was primarily circumstantial and that the Commonwealth did not present any eyewitnesses who could identify him as the bank robber. See, e.g., Continuation of Pet., at unnumbered pages 13-15. Petitioner states that his "explanation regarding the use of his vehicle and clothing the day of the Wachovia Bank robbery, together with his evidence and established alibi, were credible and should have cause the jury [sic] to conclude that the Commonwealth did not prove [p]etitioner guilty beyond a reasonable doubt." Id. at unnumbered page 15.

The Court of Appeals of Virginia, on direct review, held that the jury accepted the credibility of the Commonwealth's witnesses and the credibility of petitioner's alibi, and that the

16

verdict was supported by sufficient evidence. See Wilcox v. Commonwealth, slip op, at 4-6.[4] In reviewing the state court's decision as to this claim, it is clear that the Court of Appeals of Virginia's conclusion was not contrary to, or an unreasonable application of, clearly established federal law, nor did it involve an unreasonable determination of the facts.

Jackson v. Virginia, 443 U.S. 307 (1979) provides the standard by which a federal court must review a habeas petition alleging insufficiency of the evidence. A federal court must determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (emphasis in original) (internal citations omitted). Challenges based on the sufficiency of the evidence thus face "two layers of judicial deference." Coleman v. Johnson, 132 S. Ct. 2060, 2062 (2012) (per curiam). In a jury trial, such as petitioner's, the jury has the sole responsibility for determining what conclusions to draw from the evidence presented at trial. Thus, an appellate court reviewing a challenge to the sufficiency of the evidence on direct appeal may overturn the jury's verdict only if no rational trier of fact could have agreed with the outcome. Cavazos v. Smith, _ U.S. _, 132 S. Ct. 2, 3 (2011) (per curiam). A federal habeas court may only overturn this state court decision if the decision was "objectively unreasonable;" it may not overturn the decision simply because it disagrees with the outcome. Id. (quoting Renico v. Lett, 559 U.S. 766, 773 (2010)).

Petitioner essentially argues that, because the prosecution relied on circumstantial evidence, and because he presented an alibi defense, he should not have been convicted on the

---

[4] As the Supreme Court of Virginia denied petitioner's petition for appeal without explanation, see Wilcox v. Commonwealth, R. No. 110512 (Va. 2011), this Court looks to the opinion of the Court of Appeals of Virginia, which provided the last reasoned analysis of petitioner's claim. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

17

basis of the Commonwealth's evidence. After reviewing the trial transcript and considering all facts in the light most favorable to the Commonwealth, however, the Court of Appeals found:

> The jury heard the testimony of the witnesses and observed their demeanor. The jury necessarily rejected the evidence presented by the defense and [petitioner's] hypothesis of innocence that the individual who rented his car committed the robbery and used [petitioner's] car to leave the scene.
>
> There was sufficient circumstantial evidence supporting the jury's decision that [petitioner] was the robber. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of three counts of robbery.

<u>Warden v. Commonwealth</u>, slip op., at 6. As nothing in this analysis is objectively unreasonable, or is contrary to or an unreasonable application of <u>Jackson</u>, 443 U.S. 307, Claim Six must be dismissed.

## V. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Judgment and Order shall issue.

Entered this 10d day of March 2015.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge